## Case No. 7,771.

### In re KIMBALL.

[1 N. J. Law J. 230.]

District Court, D. New Jersey. July 25, 1878.

BANKRUPTCY—ASSIGNMENT—EXECUTION—INJUNCTION TO RESTRAIN CREDITOR.

1. The execution of a deed of assignment, and the transfer of the property, constitutes the assignee a trustee in possession, holding for the equal benefit of all creditors.

2. The provisions of the third and fourth sections of the assignment act [14 Stat. 517] are merely directory, prescribing the prompt performance of certain acts by the assignee, but their performance is not a condition precedent to the operation of the assignment.

On the 16th day of July, A. D. 1877, the debtor executed and delivered to one Hammond Stoddart a conveyance of all his estate, real and personal, in trust for the equal benefit of his creditors, under the state assignment act. The said assignee took possession of the property on the same day, and gave notice by publication in the newspapers required by the third section of the act. The Ballew Brothers, creditors of said bankrupt, obtained a judgment against him in one of the state courts on the 20th of July, 1877, and an execution was issued and delivered to the sheriff on the next day, who went to the store of the debtor on the day following to make a levy, and was then informed of the previous assignment. A levy was, however, annexed to the execution, and instructions given to the sheriff to hold the execution for the present. The same creditors on the 10th of August, 1877, obtained a second judgment against the debtor, on which an execution was immediately issued and delivered to the sheriff. A petition in bankruptcy was subsequently filed, and such proceedings had thereon that a composition was effected entitling the bankrupt to a discharge from his debts upon the payment of —— per cent. to his unsecured creditors. A tender of such percentage was made to the said Ballew Brothers, who declined to accept the same, on the ground that they were judgment creditors, and should be paid in full. On recording the resolutions, the property was reconveyed to the debtor by the terms of the composition, whereupon the sheriff was indemnified, and instructed by Ballew Brothers to proceed forthwith to make the amount of their executions. The terms for carrying out the composition not having expired, the court, on application of the bankrupt, restrained the said creditors from further proceedings on the judgments and executions, and the motion is now to dissolve said injunction.

Guild & Lum, for bankrupt.

E. T. Morrow, for Ballew Bros.

NIXON, District Judge (after reviewing the facts). The only question involved is, when the deed of assignment took effect. If on the 16th of July, when its delivery and the surrender of possession of the estate to the assignee were made, there was no property in the debtor, on the entry of the judgment on the 20th of July, upon which the execution could operate, and the Ballew Brothers, although execution creditors, were without a lien upon the estate which had already been transferred. But the counsel for the petitioner claims that, under the 3d and 4th sections of the state assignment act, no change of property takes place, until the assignee has completed his inventory, exhibited the same to the surrogate of the county, and entered into bond to the ordinary, with sufficient surety, in double the amount of the

valuation, for the faithful performance of his trust, which services were not performed in this case until August 11, 1877, after the entry of the second judgment in favor of the petitioners. * * * The aim of the statute is to create a trust, and the execution of the deed and the transfer of the property constitutes the assignee a trustee in possession, holding for the equal benefit of all creditors. The provisions of the third and fourth sections, as to the subsequent duties of the assignee, are merely directory, prescribing for the security of the rights of creditors the prompt performance of certain acts, which the courts will enforce, if the assignee be derelict; but it has never been held, so far as I know, that their performance was a condition precedent to the operation of the assignment. It may be true the assignees should not proceed to sell the estate, nor perform any of the duties necessary to carry into effect the intention of the assignment, until he has filed with the surrogate, under oath or affirmation, a true inventory and valuation of the property assigned, and has entered into bond as required for the faithful execution of the trust; but in the meantime the estate has passed out of the control of the debtor, and has vested in the assignee, and is beyond the reach of the lien of any judgment and execution subsequently entered and issued. See Scull v. Reeves, 2 Green, Ch. [3 N. J. Eq.] 84; Alpaugh v. Roberson, 12 C. E. Green [27 N. J. Eq.] 96. I must, therefore, hold that the petitioners acquired no lien upon the debtor's property by virtue of their judgments and execution, and that the bankrupt and his other creditors are entitled to the protection of the court until the time for carrying out the composition arrangement has fully expired. Application refused.